# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| GEORGE W. TATE, JR. and JEANNIE L. TATE, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>EQUIFAX, INC.,<br><br>　　　　Defendant. | Civil Action No._____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

The Plaintiffs, George W. Tate, Jr. and Jeannie L. Tate, suing on behalf of themselves and others similarly situated (collectively "Plaintiffs"), complain of the Defendant Equifax, Inc. as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiffs, George W. Tate, Jr. and Jeannie L. Tate, are citizens and residents of Rutherford County, North Carolina and are individual consumers and customers of the Defendant.

2. The Defendant, Equifax, Inc. (hereinafter "Equifax"), is a Georgia corporation and is authorized to do business in the state of North Carolina with offices within Mecklenburg County, North Carolina. Equifax additionally operates and provides services through various subsidiaries such as Equifax Information Services, LLC and Equifax Consumer Services, LLC and such subsidiaries acted in concert with Equifax or as agents of the same.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 (d). On information and belief, the Plaintiff and the Class have been damaged in an amount exceeding $5,000,000.00 in the aggregate, exclusive of interest and costs. This Court has *in persona* jurisdiction in that the Defendant is a legal entity that regularly conducts business in this district and has breached contracts and caused harm to Plaintiffs in this district as well as throughout North Carolina and the United States.

4. Venue within this proper within this district and division pursuant to 28 U.S.C. Section 1391 (b).

**STATEMENT OF FACTS COMMON TO ALL COUNTS**

5. Plaintiffs hereby incorporate by reference and replead all prior paragraphs of this Complaint.

6. The Equifax is a corporation that provides, in relevant part, credit information services to consumers and businesses.

7. On September 7, 2017, Equifax revealed, through press releases and notifications on its own website, that a Data Breach within its system had potentially harmed approximately 143 million consumers across the country, to include consumers within North Carolina. Specifically, and as a result of this Data Breach, unauthorized parties gained accessed to consumers' personal and private information to include names, address, Social Security numbers, dates of birth, personal credit care information and driver's license numbers (hereinafter "Data Breach").

8. Equifax learned of the Data Breach on or about July 29, 2017 but only revealed such breach on September 7, 2017 as indicated above.

9. Upon information and belief, between the date of Equifax learning of the massive Data Breach and Equifax actually revealing the Data Breach to the public, Equifax executives sold off approximately $1,800,000.00 in shares and/or options.

10. Such Data Breach occurred as a result of Equifax's failure to appropriately implement and/or maintain sufficient and adequate security measures and to otherwise take reasonable care of said consumers' personal and private information. Specifically, Equifax willfully ignored warnings and known weaknesses within its security system which allowed said system to be accessed by unauthorized third parties, subjecting approximately 143 million consumers, including these Plaintiffs, to substantial fraud, credit harm and identity theft.

11. Claim members, and these Plaintiffs particularly, have incurred or will be caused to incur significant out-of-pocket expenses in order to obtain credit reports, credit monitoring, credit freezes and other various measures to protect and repair their financial security as a direct impact of said Data Breach.

12. In relevant part, Equifax's privacy policy statement promises to consumers the following:

- 2 -

Case 3:17-cv-00555   Document 1   Filed 09/18/17   Page 2 of 8

> We have built our reputation on our commitment to deliver reliable information to our customers and to protect the privacy and confidentiality of personal information about consumers. We also protect the sensitive information we have about businesses. Safeguarding the privacy and security of information, both online and offline, is a top priority for Equifax.

13. Equifax has not provided direct mail (or otherwise) notice to the approximately 143 million consumers affected by said Data Breach.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs hereby incorporate by reference and replead all prior paragraphs of this Complaint.

15. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of a Class consisting of all North Carolina citizens who were consumers of Defendant and had their personal and private information exposed to unauthorized third parties as a result of the aforementioned Data Breach.

16. These Plaintiffs are members of the Class which they seek to represent.

17. The Class consists of millions of individuals within North Carolina and therefore is so numerous that joinder is impracticable.

18. The claims of these Plaintiffs are typical of the claims of the Class because they and all members of the Class have or have likely will incur significant out-of-pocket expenses in order to obtain credit reports, credit monitoring, credit freezes and other various measures to protect and repair their financial security as a direct impact of said Data Breach. Additionally, these Plaintiffs and all members of the Class have been exposed to the substantial risk of substantial fraud, credit harm and/or identity theft.

19. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, the following:

> a. Whether Equifax acted negligently and with due diligence with regards to protecting personal and private consumer from risk of such Data Breach;

b. Whether Equifax acted willfully and with wanton abandon in the face of known risks of such a Data Breach or risks of such a Data Breach that, with the application of reasonable care and due diligence, should have been known, in order to maximize profits at the expense of consumer financial safety;

c. Whether Equifax acted negligently and in an untimely manner upon knowledge of the Data Breach on July 29, 2017;

d. Whether the North Carolina class members are entitled to equitable relief as a result of said Data Breach; and

e. Whether the North Carolina class members are entitled to recover money damages as a result of said Data Breach.

20. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

21. Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no claims antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel in complex class actions, mass tort and product liability litigation and counsel is committed to the vigorous prosecution of this claim.

22. Prosecution of separate actions by the Plaintiffs and individual members of the Class against the Defendant will create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because:

    a. Given the number of consumers involved, a class action is the only "fair and efficient" means to adjudicate the controversy;

    b. Multiple lawsuits will be costly, inefficient and duplicative;

    c. Relatively few customers will have been damaged to a degree that would induce them to initiate litigation solely on their own behalf;

    d. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form;

e.  The class members can largely be identified from Equifax's files; and

f.  There are no manageability problems that would create a situation that would be less fair and efficient than other options.

24. In addition, the expense and burden of litigation would substantially impair the ability of Class members to pursue the individual cases to protect their rights.

25. Class certification under Fed. R. Civ. P. 23 (b) (1) is appropriate because adjudications with respect to individual members of the Class would be as a practical matter dispositive of interests of the other members not parties to these adjudications.

26. Class certification under Fed. R. Civ. P. 23 (b) (2) is appropriate because Equifax has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

27. Class certification under Fed. R. Civ. P. 23 (b) (3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all available methods for the fair and efficient adjudication of this controversy.

28. Class certification is also appropriate pursuant to North Carolina law because, as set forth in the Complaint, Equifax has acted and/or refused to act on grounds generally applicable to the Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT 1
## (Negligence)

29. Plaintiffs hereby incorporate by reference and replead all prior paragraphs of this Complaint.

30. As previously alleged, Equifax provided consumer credit services to members of the Class, including the Plaintiffs, with the explicit promise to protect the personal and private information of such members from access by unauthorized third parties then breached such legal duties by failing to

- 5 -

Case 3:17-cv-00555   Document 1   Filed 09/18/17   Page 5 of 8

adequately, timely and appropriately address known failures within its security technologies of the type that allowed such Data Breach to occur.

31. Specifically, Equifax breached one or more of the following duties to the Class Members:

   a. The duty to adequately protect the privacy and confidentiality of the Class members personal and private information;

   b. The duty to implement, maintain and timely update security measures to prevent a foreseeable Data Breaches like or similar to the subject Data Breach;

   c. The duty to implement, maintain and timely update security measures to detect a foreseeable Data Breaches like or similar to the subject Data Breach;

   d. The duty to disclose in as timely and appropriate a manner as feasible, that their data security practices were inadequate and/or incomplete and would thus potentially expose Class members to unauthorized third party access to personal and private information like or similar to the information accessed in the subject Data Breach;

32. As a result of said negligence, Plaintiffs and the Class were damaged through exposure to substantial fraud, credit harm and identity theft and have incurred, or will be caused to incur significant out-of-pocket expenses in order to obtain credit reports, credit monitoring, credit freezes and other various measures to protect and repair their financial security.

## **COUNT II**
## **(Fair Credit Reporting Act Violation)**

33. Plaintiffs replead and incorporate herein by reference all prior allegations of this Complaint.

34. Equifax is a "consumer reporting agency" under the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681a(f) which defines such as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

- 6 -

Case 3:17-cv-00555   Document 1   Filed 09/18/17   Page 6 of 8

35. The FCRA requires consumer reporting agencies to protect the personal and private information of its consumers by maintaining reasonable and appropriate procedures to limit the furnishing of consumer reports to the purposes listed within §1681(b). 15 U.S.C. §1681e(a)

36. The previously mentioned personal and private information exposed as a result of the subject Data Breach fits within the definition of a "consumer report" as defined in 15 U.S.C. §1681a(d)(1).

37. As a consumer reporting agency, Equifax may only furnish consumer reports under the restricted purposes or circumstances outlined in 15 U.S.C. §1681b(a), and no other.

38. Furnishing such consumer reports to unauthorized third parties as allowed in the subject Data Breach does not fall within the restricted purposes or circumstances outlined in 15 U.S.C. §1681b(a).

39. Equifax acted negligently in failing to implement, maintain and/or timely update security measures to prevent a foreseeable Data Breaches like or similar to the subject Data Breach and, in doing so, allowed for the furnishing of consumer reports to unauthorized third parties in violation of the duties placed upon it as a consumer reporting agency by 15 U.S.C. §1681.

40. As a result of Equifax's violation of 15 U.S.C. §1681, the Class members, and these Plaintiffs, are entitled to actual damages sustained as well as costs and reasonable attorneys' fees.


**NOW THEREFORE,** the Plaintiffs on behalf of themselves and all members of the Class, request a trial by Jury and seeks the following relief:

1. An award in the amount of fair compensation for compensatory, consequential, incidental, statutory damages and restitution as provided by law and determined at trial;

2. Injunctive relief requiring Equifax to promptly and adequately update and/or strengthen its security measures to appropriately protect consumers' personal and private information to comply with any applicable federal and local laws and to adhere to the best practices of the industry;

3. Attorneys fees as permitted by state and local statute.

4. Prejudgment interest in the statutory amount.

5. All costs of this action to be recovered as permitted by law.

6. Any other further relief as the Court deems appropriate.

This the 18th day of September, 2017.

                                        **s/Robert Burchette**
                                        Robert Burchette Bar Number: 7035
Attorney for Plaintiff
Johnston Allison & Hord
1065 East Morehead Street
Charlotte, NC 28204
Phone: (704) 332-1181
Fax: (704) 376-1628
Email: RBurchette@jahlaw.com

**s/Martin L. White**
Martin White Bar Number: 23330
Attorney for Plaintiff
Johnston Allison & Hord
1065 East Morehead Street
Charlotte, NC 28204
Phone: (704) 332-1181
Fax: (704) 376-1628
Email: MWhite@jahlaw.com

OF COUNSEL:
**s/Jeremy K. McDonald**
Jeremy McDonald Bar Number: 34391
Attorney for Plaintiff
Law Offices of W. James Chandler
1508 East Fourth Street
Charlotte, North Carolina 28204
Telephone: (704) 376-6552
Fax: (704) 372-2003
Email: Jmcdonald@charlottelawoffice.com